UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

GARRY M. CARWILE
DARLENE CARWILE

CASE NO.: 08-35153(1)(7)

Debtors

## MEMORANDUM-OPINION

This matter is before the Court on the First Motion for Attorney's Fees in the Amount of $5,180 Pursuant to the Doctrine of *Quantum Meruit* filed by Attorney J. Andrew White ("White"). The Court considered the Motion of White, the Response of Trustee, Michael Wheatley ("Trustee") and the arguments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion for Attorney's Fees.

## FACTS

Attorney White represented the Debtors Garry M. Carwile and Darlene Carwile ("Debtors") in an action in Breckinridge Circuit Court involving a dispute over a Will. His representation of the Debtors began in February 2007.

On November 18, 2008, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Debtors were represented by attorney Kent Mitchner in the bankruptcy action.

On November 19, 2008, Trustee was appointed as the Chapter 7 Trustee on Debtors' case. On March 10, 2011, the Court entered an Order approving Trustee's Application to Employ Attorney Neil Bordy to represent the Trustee.

White was not notified by the Debtors that they had filed their bankruptcy petition until May 2010.

The Trustee sought and received an Order of this Court over White's objection, approving settlement of the Debtors' claim in the Breckinridge Circuit Court action on July 27, 2011.

## **LEGAL ANALYSIS**

The Trustee is empowered to employ an attorney to assist with administration of the bankruptcy estate, as long as the attorney is disinterested and does not hold an interest adverse to the estate. 11 U.S.C. §§327, 328 and 330. It is well settled that an attorney cannot be compensated under the Bankruptcy Code, unless his employment has been approved by the Court. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) ("A debtor's attorney not engaged as provided by 11 U.S.C. §327 is simply not included within the class of persons eligible for compensation.")

The Bankruptcy Code and case law could not be more clear. An attorney not employed and approved by the court is not entitled to compensation. Attorney White was engaged by the Debtors pre-petition. He was not employed by the bankruptcy estate, nor

-2-

was his employment ever approved by this Court.  He is not entitled to an attorney's fee for work performed on behalf of the Debtors.

Attorney White's claim for a fee on the basis of *quantum meruit* is also without merit. The Bankruptcy Code does not provide for attorney's fee awards based on state law theories, such as *quantum meruit*.  *In re Weibel*, 176 B.R. 209 (B.A.P. 9th Cir. 1994); *In re Copeland*, 2011 WL 2460852 (Bankr. D.S.C. 2011) (". . . following the filing of a bankruptcy petition, the Bankruptcy Code controls with respect to any relationship between a professional, the debtor and the bankruptcy estate.  *Quantum meruit* cannot supplant the Bankruptcy Code's requirement for Court approval of professional employment.").

The Court recognizes that this decision may seem harsh to Attorney White.  The fault, however, lies with his clients' failure to notify him of their bankruptcy filing and the subsequent failure to obtain Court approval for representation of the estate.  Once the Petition was filed, the Debtors' claim became property of the bankruptcy estate and solely within the jurisdiction of the Bankruptcy Court.  It would be a violation of the Bankruptcy Code and this Court's authority to allow payment of a debtor's attorney's fees without prior Court approval of that attorney's employment.  Consequently, the Court must deny Attorney White's Motion for Payment of An Attorney's Fee.

## **CONCLUSION**

For all of the above reasons, the First Motion for Attorney's Fee in the Amount of $5,180 Pursuant to the Doctrine of *Quantum Meruit* Filed by Attorney J. Andrew White is **DENIED.**

*[signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 12, 2011

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

GARRY M. CARWILE
DARLENE CARWILE

CASE NO.: 08-35153(1)(7)

Debtors

### ORDER

Pursuant to the Memorandum -Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the First Motion for Attorney's Fee in the Amount of $5,180 Pursuant to the Doctrine of *Quantum Meruit* filed by Attorney J. Andrew White, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 12, 2011